**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**United States of America,**

    - against -    **Affirmation**

                                                        **# 07 Cr. 1143 (DC)**

**Li Hsi Feng,**

        **Defendant.**

---

      **Louis R. Aidala**, an attorney admitted to practice law in the courts of the State of New York and the Southern District of New York, affirms and says the following under the penalty of perjury.

      I am the attorney for **Li Hsi Feng**, one of the defendants herein, and am familiar with the facts of this case. I submit this Affirmation in support of the within pretrial motions.

**I  Facts**

      Mr. Li is charged, along with several co-defendants, with conspiracy to smuggle counterfeit merchandise into the United States, and to traffic in counterfeit trademarked goods, from approximately August 2006 to December 2007.

      The investigation involved the use of an undercover agent (UC) who posed as a corrupt customs official who took bribes from the co-defendants for releasing undocumented containers of merchandise that arrived on ships from China. The UC met, on numerous occasions, with Michael Chu and other co-defendants in relation to the alleged conspiracy.

      The Indictment alleges that on two occasions, in December 2006 and February 2007, Hsi Feng Li accompanied Chu to meetings with the UC and discussed smuggling containers and counterfeit goods through the Port of New York and New Jersey.

      Mr. Li was arrested at his home in December 2007, pursuant to an arrest warrant. A consent search was conducted and personal papers and property were seized. Mr. Li has been detained since

1

his arrest based on his purported status as an illegal alien.

## II. F.R.E. 404(b) Evidence

The government has provided defendant with, *inter alia,* two CD's containing evidence of purported prior similar bad acts. One CD contains recordings of alleged meetings between Mr. Li and an undercover officer - not the one involved in the instant case - in 2004 and 2005, during which alleged similar illegal activity was discussed. The other CD contains alleged photographs of Mr. Li and other individuals at an apparent storage or delivery site for large merchandise containers in or around 2004.

The government has stated that this is 404(b) evidence, however, it has not provided any additional information regarding same or whether it intends to introduce same on its direct case. Defendant respectfully requests that the Court direct the government to disclose all relevant details concerning the aforesaid prior bad act evidence and whether it intends to introduce same on its direct case, as well as any and all other bad acts which it intends to introduce against defendant, in such sufficient and reasonable time that he will have a meaningful opportunity to move to preclude the introduction of such evidence.

Fed. R. Evid 404(b) provides that:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

Although the rule sets no time-table governing notice of prior bad act evidence, it does require that such notice shall be "reasonable." In each instance, what is "reasonable" must be

determined by the circumstances of the case. United States v. Kevin, 1999 U.S. Dist. LEXIS 5728 (SDNY Apr. 7, 1999); United States v. Heatley, 994 F.Supp. 483, 491 (SDNY 1998).

In this Circuit, it has long been the rule that a defendant in a criminal case must be afforded "a fair opportunity to meet the critical and damaging proof of an offense not presented against him in the indictment." United States v. Baum, 482 F.2d 1325, 1332 (2d Cir. 1973). Enough notice must be given so that a defendant may meaningfully refute the relevance, the reliability, or probative value of prior-act evidence. See United States v. Schwartz, 790 F.2d 1059, 1062 (3rd Cir. 1986). "This notice must occur sufficiently in advance of trial that the defendant has time to object to the evidence and the Court has adequate time to decide such an objection". United States v. Livoti, 8 F. Supp. 2d 246, 250 (SDNY 1998), citing United States v. Taberas, 1995 U.S. Dist. LEXIS 14831 (SDNY, Oct. 11, 1995).

Adequate notice allows a defendant to seek a pre-trial ruling to bar the admission of such evidence and, at the same time, prepare to meet any such evidence ruled admissible after a pre-trial determination by the court. It follows that, if the Government seeks to introduce any prior-act evidence, it should be required to disclose such information sufficiently in advance of trial to allow defendant to seek preclusion and/or prepare a defense.

In determining what disclosure schedule is "reasonable," the defendant asks the Court to consider the complexity of this case, the volume of the evidence, and the particular demands posed by trial preparation. For example, the CD containing recordings of alleged meetings between Mr. Li and an undercover officer in 2004 and 2005 is approximately 8 hours long, and it is only one of numerous CD's and other thousands of pages of documents provided in discovery.

Given the scope and nature of this case, early disclosure of Rule 404(b) material is both

appropriate and reasonable. See United States v. Wilson, 1999 U.S. Dist. LEXIS 2668 (SDNY Jan. 10, 1997)(thirty days before a trial in a RICO case), and United States v. Livoti, *supra,* 8 F. Supp. 2d at 250 (thirty-six day disclosure requirement imposed).

### III.  Disclosure of *Brady* and *Giglio* Material

The rule established by the Supreme Court in Brady v. Maryland, 373 U.S. 83 (1963) requires the prosecution to disclose to the defense evidence favorable to the accused and material to guilt or punishment. See, also, Moore v. Illinois, 408 U.S. 786 (1972). The Brady rule has repeatedly been interpreted by the courts as also requiring the disclosure of impeachment material. "When the 'reliability of a given witness may well be determinative of guilt or innocence,' non-disclosure of evidence affecting credibility falls within this general rule." Giglio v. United States, 405 U.S. 150, 154 (1972), quoting Napue v. Illinois, 360 U.S. 264, 269 (1959). Indeed, Giglio stands for the very proposition that exculpatory evidence includes material which may well alter the jury's judgment of the credibility of a crucial prosecution witness as well as that which goes to the heart of the defendant's guilt or innocence.

In United States v. Bagley, 473 U.S. 667 (1985), the Supreme Court expressly ruled that the failure to disclose impeachment evidence is subject to the same standard as any other exculpatory evidence. With these precepts in mind, it is respectfully requested that the Court compel the government to disclose impeachment material for its witnesses as soon as it becomes available, and on a continuing basis. See, United States v. Taylor, 707 F. Supp.696 (SDNY 1989)("The government is under a continuing duty to provide a defendant, upon request, with information material either to guilt or punishment, and the government's suppression of such information, even in good faith, violates due process...Information which might impeach a government witness and any

exculpatory statement made by a government witness should be disclosed under <u>Brady</u>."). (Citations omitted); <u>United States v. Gleason</u>, 265 F. Supp. 880, 887 (SDNY 1967)(due process requirements override the statutory provisions of §3500). Thus, the Constitutional principles embodied in <u>Brady</u>, <u>Giglio</u>, <u>Bagley</u>, and their progeny require that all potential impeachment evidence and information be provided forthwith.

## IV.  Other Disclosure and Discovery

a.      Defendant has made a number of requests for disclosure and particulars - set forth in the accompanying Notice of Motion - to which the government has not responded. Defendant submits that said information and particulars are necessary to prepare for trial and that without it, the defense will be hampered.

While the allegations in the Indictment are lengthy, they are not sufficiently detailed to give adequate notice of the exact nature and extent of Mr. Li's alleged conduct. Said allegations fail to provide the particulars that the defense needs to prepare for trial and to identify with complete accuracy all of the documents relevant to defendant among the nearly 17,000 pages of documents that have been provided in discovery. In light of the burden that this places on the defense, it is requested that the Court direct the Government to provide a bill of particulars.

The purpose of a bill of particulars is to "enable defendant] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy..." <u>United States v. Nachamie</u>, 91 F. Supp. 2d 565, 572 (SDNY 2000), citing <u>United States v. Bortnovsky</u>, 820 F. 2d at 572, 574 (2d Cir. 1978). Therefore, it needs to be produced at or about the time of the filing of the indictment.  Further, "the decision to grant or deny a bill of particulars is within the sound discretion of the district court." <u>United States v. Davidoff</u>, 845 F. 2d 1151, 1154 (2d Cir. 1988). The lack of specificity in the

indictment, the voluminous discovery and the complexity of this prosecution are the precise reasons why this is an appropriate case for the court to exercise its discretion and grant a bill of particulars. Discretion should be exercised to grant a bill where "the requested particularization is necessary to a defendant's preparations for trial and to the avoidance of unfair surprise at trial." United States v. Payden, 613 F. Supp. 800, 816 (SDNY 1985).

b.      The government has provided "draft" transcripts of the two meetings with the UC and Michael Chu, in which Mr. Li allegedly took part. Both transcripts, however, are incomplete in that 1) those portions in which Chinese conversations take place have not been translated or transcribed, and 2) in the transcript of the 12/20/06 meeting, only about 25% of the meeting has been transcribed and it consists largely of introductory, social conversation. The major, and relevant, part of the meeting has not been transcribed. While recordings of the meetings have been provided, certain portions, particularly those in which Chinese is spoken, are difficult to hear so the transcripts will be of assistance.

While the government has stated that the production of the transcripts is ongoing, it is requested that the Court set a date by which the production of the completed transcripts - even if in draft form - should be performed.

c.      Defendant respectfully advises the Court that he contemplates filing a supplemental motion, under seal, for disclosure of certain additional information regarding Mr. Li, and respectfully requests that the Court extend the time for filing of said portion of defendant's motions until August 29, 2008.

*Wherefore,* it is respectfully requested that the relief sought herein be granted in every respect.

Dated: New York, NY
      August 22, 2008

                                      Respectfully submitted,

                                      S/

                                      _____
                                      Louis R. Aidala
                                      Attorney for Li Hsi Feng
                                      546 Fifth Av
                                      New York, NY 10036
                                      212 750 9700
                                      lraidala@aol.com